1

2

3

4

5

6

7

8

9

10              UNITED STATES DISTRICT COURT

11                 EASTERN DISTRICT OF CALIFORNIA

12

13  ROBERT PAUL,                          )    1:09-cv-00758 AWI MJS HC
                                          )
                      Petitioner,         )
14                                        )    FINDINGS AND RECOMMENDATION
         v.                               )    REGARDING RESPONDENT'S MOTION
15                                        )    TO DISMISS
                                          )
16  DEPARTMENT OF CORRECTIONS,            )    [Doc. 13]
                                          )
17                    Respondent.         )
                                          )
18  _____

19       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Amy Daniel, Esq.,

21  of the Office of the Attorney General for the State of California.

22  I.    **BACKGROUND**

23       Petitioner is currently in the custody of the California Department of Corrections

24  pursuant to a judgment of the Superior Court of California, County of Alameda, following a jury

25  verdict on February 6, 2003, finding him guilty of sale of a controlled substance and

26  possession of cocaine for sale. (See LD No. 1.[1]) Petitioner was sentenced to serve a term of

27

28  _____

        [1] "LD" refers to the documents lodged by Respondent in support of its motion to dismiss.

1 twelve (12) years and eight (8) motions in state prison. (Id.) Petitioner appealed the conviction;

2 his appeal ultimately was denied by the California Supreme Court on February 24, 2004.

3 (Objections, Ex. C, ECF No. 14.) Petitioner then filed for habeas corpus relief which was

4 denied by the Supreme Court of California on December 1, 2004.[2] (Objections, Ex. D.)

5 Petitioner then filed a petition for habeas corpus in federal court in 2005. (Objections, Ex. E.)

6      Starting in April 2008, Petitioner filed three post-conviction collateral challenges with

7 respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

8      1.    Kings County Superior Court
          Filed: April 17, 2008[3];

9           Denied: June 13, 2008;

10      2.    California Court of Appeals, Fifth Appellate District
          Filed: June 19, 2008[4];

11           Denied: August 14, 2008;

12      3.    California Supreme Court
          Filed: September 9, 2008[5];

13           Denied: March 11, 2009, 2008;

14 See LD Nos. 2-7.

15      On April 23, 2009[6], Petitioner filed the instant federal petition for writ of habeas corpus

16 in this Court. In the petition Petitioner asserts that the California Department of Corrections

17

---

18     [2]A complete record of Petitioner's direct appeals and first round of state petitions of habeas corpus have
19 not been presented to the Court. However, such information is not required to for this Court to reach a decision
in this matter.

20     [3] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on
the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.
21 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness
of federal habeas filings under the AEDPA limitations period.  Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir.
22 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions
filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of
23 the Rules Governing Section 2254 Cases. Although the petition was filed on April 24, 2008, pursuant to the
mailbox rule the Court considers the petition filed on June 13, 2008, the date Petitioner signed the petition.
24

25     [4]Although the petition was filed on June 26, 2008, pursuant to the mailbox rule the Court considers the
petition filed on June 19, 2008, the date Petitioner signed the petition.

26     [5]Although the petition was filed on September 15, 2008, pursuant to the mailbox rule the Court considers
the petition filed on September 9, 2008, the date Petitioner signed the petition.
27

28     [6]Although the petition was filed on April 29, 2009, under the mailbox rule the Court will consider the
petition filed on April 23, 2009, the date Petitioner signed the petition.

1  determination of the percentage of work credits Petitioner earned is a violation of the equal

2  protection clause. (Pet. at 4.) On June 29, 2010, Respondent filed a motion to dismiss the

3  petition as being filed outside the one-year limitations period prescribed by 28

4  U.S.C. § 2244(d) and failing to state cognizable grounds for federal habeas relief under 28

5  U.S.C. § 2254(a), (d). Petitioner filed objections to Respondent's motion to dismiss on July 23,

6  2010. On August 9, 2010, Respondent filed a reply to Petitioner's objections.

7  **II.    DISCUSSION**

8      **A.    Procedural Grounds for Motion to Dismiss**

9      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

10  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

11  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

12  Cases.

13      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

14  answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

15  violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

16  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

17  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

18  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

19  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

20  after the court orders a response, and the Court should use Rule 4 standards to review the

21  motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

22      In this case, Respondent's motion to dismiss is based on an alleged violation of the

23  one-year limitations period and a failure to state cognizable claims.  Because Respondent's

24  motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust

25  state remedies or for state procedural default and because Respondent has not yet filed a

26  formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority

27  under Rule 4.

28      **B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

U.S. District Court
E. D. California

1    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

2  of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

3  writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117

4  S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc),

5  *cert. denied,* 118 S.Ct. 586 (1997).

6    In this case, the petition was filed on March 26, 2009, and therefore, it is subject to the

7  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

8  seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As

9  amended, § 2244, subdivision (d) reads:

10       (1)  A 1-year period of limitation shall apply to an application for a writ of
     habeas corpus by a person in custody pursuant to the judgment of a State court.
11   The limitation period shall run from the latest of –

12       (A) the date on which the judgment became final by the conclusion of
     direct review or the expiration of the time for seeking such review;
13

14       (B) the date on which the impediment to filing an application created by
     State action in violation of the Constitution or laws of the United States is
     removed, if the applicant was prevented from filing by such State action;
15

16       (C) the date on which the constitutional right asserted was initially
     recognized by the Supreme Court, if the right has been newly recognized by the
     Supreme Court and made retroactively applicable to cases on collateral review;
17   or

18       (D) the date on which the factual predicate of the claim or claims
     presented could have been discovered through the exercise of due diligence.
19
        (2) The time during which a properly filed application for State post-conviction
20   or other collateral review with respect to the pertinent judgment or claim is
     pending shall not be counted toward any period of limitation under this
21   subsection.

22  28 U.S.C. § 2244(d).

23    Under § 2244(d)(1)(A), the limitations period begins running on the date that the

24  petitioner's direct review became final or the date of the expiration of the time for seeking such

25  review. In this case, Petitioner sought review from the California Supreme Court. (Objections,

26  Ex. C.) The California Supreme Court denied the petition for review on February 24, 2004, and

27  Petitioner then sought state habeas corpus relief which was denied by the California Supreme

28  Court on December 1, 2004. (Objections, Ex. D.) Assuming that Petitioner's claims were tolled

1   during such filings, the latest the AEDPA statute of limitations could begin to run is the

2   following day, on December 2, 2004.

3       Petitioner would have one year from December 2, 2004, absent applicable tolling, in

4   which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing

5   the instant petition until April 23, 2009, over three years after the statute of limitations period

6   expired.  Absent the later commencement of the statute of limitations or any applicable tolling,

7   the instant petition is barred by the statute of limitations.

8       **C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

9       28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for

10   State post-conviction or other collateral review with respect to the pertinent judgment or claim

11   is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

12   In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a

13   petitioner is properly pursuing post-conviction relief, and the period  is tolled during the

14   intervals between one state court's disposition of a habeas petition and the filing of a habeas

15   petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino

16   v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

17   Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2)

18   if the state court explicitly states that the post-conviction petition was timely or was filed within

19   a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v.

20   Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts

21   to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

22       As stated above, the statute of limitations period began on December 4, 2004. While

23   petitioner filed for habeas relief in the federal courts in 2005, the federal filings do not act to

24   toll the statute of limitations period. (28 U.S.C. § 2244(d)(2); Duncan v. Walker, 533 U.S. 167,

25   172, 121 S.Ct. 2120, 150 L. Ed. 2d 251 (2001).) Petitioner filed his first state habeas petition

26   on April 17, 2008, in the Kings County Superior Court. At that point, over three years had

27   passed.

28       Petitioner asserts that it was not until he became aware of two cases, In re Tate, 135

U.S. District Court
E. D. California

-5-

1  Cal.App. 4th 756 (2006), and <u>In re Reeves</u>, 35 Cal. 4th 765 (2005), that he could file the

2  instant petition. Even assuming that the California state cases could serve as a new factual

3  predicate and create a later commencement of the statute of limitations period, Petitioner's

4  filing would still be untimely as described below.Even if the statute of limitations commenced

5  at a later date based on Petitioner's discovery of certain cases, the latest the statute of

6  limitations would commence would be January 12, 2006, the date that the later of the two

7  cases, <u>In re Tate</u>, 135 Cal.App.4th 756, was decided. As Petitioner's first state petition was

8  filed on April 17, 2008, over a year and three months had passed since January 12, 2006.

9  State petitions filed after the expiration of the statute of limitations period shall have no tolling

10 effect. <u>Ferguson v. Palmateer</u>, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit

11 the reinitiation of the limitations period that has ended before the state petition was filed.").

12 Accordingly, the instant federal petition remains untimely.

13 **III.    FAILURE TO STATE COGNIZABLE CLAIMS**

14      Respondent asserts that Petitioner has failed to assert federally cognizable claims. As

15 the petition is untimely and barred by the statute of limitations, the Court need not address

16 whether his claims are federally cognizable.

17 **IV.    CONCLUSION**

18      As explained above, Petitioner failed to file the instant petition for Habeas Corpus within

19 the one year limitation period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to

20 the benefit of statutory tolling, the Petition nevertheless was still untimely. Finally, Petitioner

21 is not excused from timely filing due to equitable tolling.  Based on the foregoing, the petition

22 was not timely filed and must be dismissed.

23 **V.    RECOMMENDATION**

24      Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

25 GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's

26 failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

27      This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,

28 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636

U.S. District Court
E. D. California

1    (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

2    Eastern District of California. Within thirty (30) days after the date of service of this Findings

3    and Recommendation, any party may file written objections with the Court and serve a copy

4    on all parties.   Such a document should be captioned "Objections to Magistrate Judge's

5    Findings and Recommendation."   Replies to the Objections shall be served and filed within

6    fourteen (14) days after service of the Objections. The Finding and Recommendation will then

7    be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28

8    U.S.C. § 636 (b)(1)(c).   The parties are advised that failure to file objections within the

9    specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst,

10   951 F.2d 1153 (9th Cir. 1991).

11

12   IT IS SO ORDERED.

13   Dated:    September 6, 2010              /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28